**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **Edward "Coach" Weinhaus**, *Plaintiff,* v. **Regina A. Scannicchio** and the **Illinois Judges Association**, *Defendants.* | Case No.: 1:26-cv-03091 <br><br> Judge: Hon. Jeremy C. Daniel |

**Plaintiff's Motion to Remand to State Court for Lack of Jurisdiction**

Plaintiff Edward "Coach" Weinhaus ("Coach"), moves to remand this matter to Circuit Court of Cook County, Illinois's Chancery Division because it lacks jurisdiction over these claims as previously decided by Judge Blakey and undisturbed by the Seventh Circuit. In support of this Motion, Plaintiffs state as follows:

**Introduction**

This lawsuit is part of Edward "Coach" Weinhaus' justifiable mission to vindicate the rights abrogated by Defendants Regina A. Scannicchio and the Illinois Judges Association when they intentionally interfered with his constitutionally protected rights. After every level of the federal judiciary has weighed in and determined that Coach's claims do not belong in federal court, acceding to the IJA's own jurisdictional objections, he filed the underlying complaint in the Circuit Court of Cook County, Illinois – the forum he was directed to by this Court. Now, the IJA has reversed course and, contrary to the arguments it made before this Court and the Seventh Circuit, thinks these claims belong in federal court -- a jurisdictional

1

stratagem designed to delay, drive up costs, and avoid their state court discovery obligations. Because this court has already determined that these claims are barred from federal court by the Rooker-Feldman Doctrine and neither the Seventh Circuit nor the United States Supreme Court saw fit to disturb that decision, removal of this lawsuit is frivolous to say nothing of improper.

### Factual Background

During Coach's brief residence in Illinois, he ended his marriage and, as a result, appeared as a litigant in the Cook County Circuit Court's Domestic Relations Division. He earned his divorce in 2015, but the case remained pending for various post-decree issues. Once post-decree issues had concluded, Plaintiff timely filed a Notice of Appeal of the final order, on October 8, 2020. That appeal was later consolidated with another 'after all issues had been decided' appeal. Finally, another post-decree issue bubbled up (and concluded), which again, required the filing of a leave to amend his Notice of Appeal. As a result of his judicial reform activism which had become public, Defendant Scannicchio engaged in a campaign to smear Coach and leveraged her position within the IJA to intentionally interfere with Coach's constitutionally protected rights resulting in the *sua sponte* dismissal of Coach's Consolidated Appeal. The original iteration of this lawsuit followed thereafter.

On April 17, 2024 Coach filed the original iteration of this lawsuit, <u>Edward "Coach" Weinhaus v. Regina A. Scannicchio, et al.</u>, in the U.S. District Court for the Northern District of Illinois, Case No.: 1:24-cv-03061. The original and amended

complaints in 1:24-cv-03061, are attached hereto as Group Exhibit 1, and the original Complaint bears an overwhelming resemblance to Complaint at issue here.

The matter was originally before Hon. Judge Alonso but he recused himself and Hon. Judge Blakey was assigned. On June 28, 2024, Judge Blakey entered a Minute Order dismissing Plaintiff's Complaint finding, *inter alia*, "Plaintiff's complaint shows that this Court lacks jurisdiction to consider his claim as pled. The Rooker–Feldman doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments... no matter how erroneous or unconstitutional the state court judgment may be.'" The Court's June 28, 2024 Order is attached to hereto as Group Exhibit 2. Coach amended that lawsuit's complaint to clarify the issues and show that the claims were not subject to Rooker-Feldman but, on July 24, 2024, via Minute Entry, the District Court *sua sponte* dismissed Coach's amended complaint. The July 24, 2024 Minute Order is attached hereto in Group Exhibit 2.

Coach timely filed his Notice of Appeal on August 23, 2024. Thereafter the United States Court of Appeals, following briefing by the parties and oral arguments on the same, considered the Rooker-Feldman issue and declined to disturb the District Court's jurisdictional decision.

Because this District Court determined it lacked jurisdiction, and neither the Seventh Circuit nor the Supreme Court distributed that finding, Coach re-filed his lawsuit in the Circuit Court of Cook County, Illinois against the same Defendants and added twelve Respondents in Discovery – all judges or former judges, and one

attorney who passed away after having been served.  Thereafter, the IJA removed this lawsuit to U.S. District Court for the Northern District of Illinois.

**Argument**

A civil action brought in state court may be removed to federal court, provided that the district court has original jurisdiction.  28 U.S.C. §1441(a).  The party asserting federal jurisdiction bears the burden of demonstrating its existence.  Farnik v. F.D.I.C., 707 F.3d 717, 721 (7th Cir. 2013).  The court shall remand an action back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]"  28 U.S.C. § 1447(c); see also Wells Fargo Bank, N.A. v. Younan Properties, Inc., 737 F.3d 465, 469 (7th Cir. 2013).

a. **The District Has Already Determined Rooker-Feldman Presents a Jurisdictional Bar to Coach's Claims**

The record in this matter is uncontestable.  Coach previously filed these claims in this Court, this Court determined that these claims are barred under the Rooker-Feldman Doctrine, upon appeal neither the Seventh Circuit nor the United States Supreme Court disturbed this Court's determination.  As a result of that jurisdictional decision, Coach re-filed the underlying claims in state court – in the Circuit Court of Cook County.  As a result, the jurisdictional question is foreclosed and the Court *must* remand it back to state court.

In Judge Blakey's June 28, 2024 Minute Order, the Court dismissed Plaintiff's Complaint finding, *inter alia*, "Plaintiff's complaint shows that this Court lacks jurisdiction to consider his claim as pled.  The Rooker–Feldman doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments...

4

no matter how erroneous or unconstitutional the state court judgment may be.'" June 28, 2024 Minute Order, Ex. 2 (quoting Swartz v. Heartland Equine Rescue, 940 F.3d 387, 390 (7th Cir. 2019), cert. denied, 140 S. Ct. 2510 (2020)). Thereafter, Plaintiff amended his complaint and on July 24, 2024, via Minute Entry, the District Court *sua sponte* dismissed Plaintiff's Amended Complaint, and entered judgement later that same day.

The July 24, 2024 Minute Order, determined that Plaintiff's lawsuit could not be brought within the court's jurisdiction owing to the jurisdictional bar and the *Rooker-Feldman* doctrine. In his Order, Judge Blakey, writing for this Court relied on Maple Lanes, Inc. v. Messer, 186 F.3d 823 (7th Cir. 1999) for the proposition that a damage award equal to the value of injury from the state-court decision "would effectively reverse the state court judgement" and was inappropriate under the Rooker Feldman Doctrine. July 24, 2024 Minute Order, Ex. 2. The District Court further held "[a]warding Plaintiff monetary damages for the claimed constitutional violation he suffered by having unfavorable orders entered in a state court domestic relations matter effectively reverses those orders." Id.

While Plaintiff agrees with Defendant IJA's recent revelation that this Court's prior decision was an error, he has been unable to persuade any appellate court to agree with his position. Accordingly, this Court's July 24, 2024 Minute Order and its decision regarding Rooker-Feldman and the resultant jurisdictional bar stand and this case never should have been removed to Federal Court. "If the case did not belong in federal court at all, it should be remanded rather than dismissed. The

5

remand of an improvidently removed case allows the state court to decide for itself whether to proceed." <u>McIntyre v. Fallahay</u>, 766 F.2d 1078, 1082 (7th Cir. 1985).

The issue is not only resolved by basic preclusion, but the obvious issue of Judicial Estoppel. The IJA filed a brief before Judge Blakey leading arguing Rooker Feldman. They filed a separate brief before the Seventh Circuit which left Judge Blakey's order undisturbed. They filed yet another brief following Plaintiff's Petition for Rehearing and again the IJA argued Rooker-Feldman preclusion.

In example after example, the IJA wrote:

the plaintiff's claims allege injury caused by the state court judgments in that the court would have to review and reject in order for the plaintiff to succeed. See *Kamilewicz v. Bank of Bos. Corp.*, 92 F.3d 506, 510 (7th Cir. 1996); Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

In the instant case, the Plaintiff is seeking to re-litigate state court orders and judgments entered in Illinois, which were adverse to him, and essentially is seeking damages from those that he believes were responsible for the entry of those orders and decisions under the guise of a violation of his due process rights in state court which he maintains prohibited him from seeking redress through the Illinois state court system. The Plaintiff attacks the state court's orders and judgments, and thus asks this Court to review and reject those decisions in order for the plaintiff to succeed, which is prohibited.

Further, it is readily evident that the Plaintiff's alleged injuries are inextricably intertwined with the prior state court proceedings, which would inherently cause the Court to review and upend the prior state court orders and judgments, no matter how pled, and is precisely the type of claim encompassed by the *Rooker-Feldman* doctrine. As such, this Court lacks jurisdiction to issue such relief and should dismiss this case under Fed. R. Civ. Proc. 12(b)(1).

IJA's *Memorandum Of Law In Support Of Defendant Illinois Judges Association's Motion To Dismiss Plaintiff's Complaint*, Dkt. 14, in <u>Edward "Coach" Weinhaus v. Regina A. Scannicchio, et al.</u>, Ill. N.D., Case No.: 1:24-cv-03061. Attached hereto as <u>Exhibit 2</u>. And:

### SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's dismissal of Weinhaus's First Amended Complaint based on the *Rooker-Feldman* doctrine for lack of jurisdiction. The fundamental character of Weinhaus's claim is that Appellants violated his constitutional rights, resulting in the dismissal of his state court appeal.

The District Court correctly concluded that Weinhaus's claim would necessarily require it to examine the validity of the state court decision and, if Weinhaus were to win, to find that the state court decision was wrong as a matter of law. However, the *Rooker-Feldman* doctrine prohibits district courts from exercising jurisdiction over claims seeking review of a state court judgment, "no matter how erroneous or unconstitutional the state court judgment may be." *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2510 (2020).

<u>Brief Of Appellee Illinois Judges Association</u>, *Summary Of The Argument*, p. 9 (Ex. Pg. 59), signed by Michael J. Progar. The Parties briefing and the Seventh Circuit's decision are attached hereto as <u>Group Exhibit 3</u>.

7

The Supreme Court has long instructed that "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, [they] may not thereafter, simply because [their] interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by them.'" New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). The Supreme Court continued to note "judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Id., at 749 (quoting Pegram v. Herdrich, 530 U.S. 211, 227, n. 8 (2000)).

Here, at every phase of Edward "Coach" Weinhaus v. Regina A. Scannicchio, et al., Ill. N.D., Case No.: 1:24-cv-03061, the Plaintiff's initial attempt to litigate these claims, Defendant IJA argued and *prevailed* based on the theory that the claims at issue are barred from federal court by the Rooker-Feldman Doctrine. Defendant IJA now arguing that these claims belong in federal court meets each of the factors for judicial estoppel. First, it is "'clearly inconsistent' with its earlier position[;]" second, acceptance of the argument that these claims now belong in federal court would "create 'the perception that either the first or the second court was misled[;]" and finally, Defendant IJA "would derive an unfair advantage [and] impose an unfair detriment on [Plaintiff] if not estopped." New Hampshire, 532 U.S. at 751.

Plaintiff does not contest that these claims should have been allowed to proceed in federal court – his briefing before the Seventh Circuit and the United States

Supreme Court bear out as much. However, at every junction Defendant IJA disagreed and supported the Court's decision. To allow Defendant IJA to switch positions now, after Plaintiff has incurred the time and expense of exhaustive appellate briefing and refiling in state court would be a manifest injustice. Moreover, Plaintiff would run the risk of Defendant IJA again pivoting when faced with an adverse ruling and asking this Court of the Seventh Circuit to again dismiss this lawsuit for lack of Jurisdiction.

b. **The Court Should Award Attorney's Fees and Costs, Pursuant to Section 1447(c) Because Plaintiff Has Incurred Attorney's Fees and Costs as a Result of the IJA's Deficient Removal**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Sanctions may be awarded when removal is clearly improper, but not necessarily frivolous[.]" Jackson Cty. Bank v. Dusablon, 915 F.3d 422, 424 (7th Cir. 2019) (citing Court Martin v. Franklin Capital Corp., 546 U.S. 132, 134, 126 S. Ct. 704, 707 (2005)).

Plaintiff clearly states the reasons to support an award of attorney's fees in its contemporaneously filed May 2, 2026 Rule 11 Motion for Sanctions Against Defendant Illinois Judges Association and Its Attorneys, Progar Law Group LLC and incorporates the same by reference as if stated herein.

Rather than recite those myriad arguments, it is sufficient to say: there is no question that Defendant IJA's removal to Federal Court was not just improper, it was frivolous. Defendant IJA knew of the Rooker-Feldman Doctrine's Jurisdictional Bar

9

and this Court's previous decision – it argued in support of that decision before the Seventh Circuit.  Instead, their removal was a strategic gambit to avoid their state court discovery obligations and to delay Plaintiffs adjudication of his claims.

Accordingly, the Court should award sanctions for Plaintiff and against Defendant in the amount of $13,665.50 Dollars based on Counsel's 15.1 hours[1] of attorney time spend preparing this Motion and the contemporaneously filed Rule 11 Motion for Sanctions Against Defendant Illinois Judges Association and Its Attorneys, Progar Law Group LLC, which were billed at Plaintiff's Counsel's agreed upon hourly rate of $905 per hour based on the Laffey Matrix.

---

1. Billing descriptions of contemporaneously recorded time entries are attached as <u>Exhibit 4</u>.

## <u>Conclusion</u>

For the reasons articulated above, Plaintiff respectfully requests that the Court remand this matter back to state court and award sanctions in the amount of $13,665.50 Dollars for costs and actual expenses, including attorney fees, incurred as a result of the removal.

Dated:  May 2, 2026          Respectfully Submitted,

         By:     */s/Adam Florek*

         Adam Florek, No.: 6320615
         **FLOREK LAW, LLC**
         552 Seventh Ave., Suite 601
         New York, New York 10018
         Tel: +1 929 229-2268
         E-Mail: aflorek@florekllc.com

         *Counsel for Plaintiff Edward "Coach" Weinhaus*

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the clerk of the Court using the CM/ECF filing system, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

By: ___*/s/Adam Florek*___