IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD WEINHAUS,

          Plaintiff,

    v.

ILLINOIS JUDGES ASSOCIATION
and REGINA A. SCANNICCHIO,

          Defendants.

Case No.: 1:26-cv-03091
Honorable Jeremy C. Daniel

### DEFENDANT ILLINOIS JUDGES ASSOCIATION'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS

Now comes Defendant, the Illinois Judges Association ("IJA"), by counsel, and submits the following memorandum of law in response to Plaintiff's Rule 11 Motion for Sanctions Against Defendant Illinois Judges Association and Its Attorneys, Progar Law Group LLC.

### INTRODUCTION

Plaintiff's Rule 11 motion should be denied. The motion is not a proper sanctions request; it is Plaintiff's remand motion recast in punitive terms. Plaintiff asks for sanctions because the IJA removed a state-court pleading that expressly invokes 42 U.S.C. § 1983, alleges violations of the United States Constitution, alleges that Defendants acted under color of state law, and seeks relief for alleged federal constitutional injuries. That removal

position was objectively reasonable as a matter of law.

Rule 11 does not punish a party for asserting a colorable jurisdictional position. Nor does it prohibit a defendant from removing a facially federal complaint while preserving defenses based on jurisdiction, preclusion, *Rooker-Feldman*, immunity, and the merits of the claim. A defendant may remove a complaint because it pleads claims arising under federal law while also maintaining that those claims ultimately fail or are jurisdictionally barred. Those positions are not sanctionable; they are ordinary federal practice.

The governing standard is objective reasonableness. Rule 11 sanctions are reserved for filings that are objectively frivolous or interposed for an improper purpose. Fed. R. Civ. P. 11(b); *Cuna Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39,* 443 F.3d 556, 560 (7th Cir. 2006); *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (*en banc*). The IJA's notice of removal was based on the face of Plaintiff's own Verified Complaint. At a minimum, the IJA's position was objectively reasonable. That ends the Rule 11 inquiry.

For the same reasons set forth in the IJA's response in opposition to Plaintiff's motion to remand, the Verified Complaint presents federal questions under 28 U.S.C. §§ 1331 and 1343 and was removable under 28 U.S.C. §§ 1441 and 1446. Plaintiff's disagreement with that position does not

2

convert removal into sanctionable conduct.

## SUMMARY OF ARGUMENT

1. The Verified Complaint on its face invokes federal-question jurisdiction. Plaintiff alleges claims under 42 U.S.C. § 1983, the Fourteenth Amendment, and federal constitutional theories, and alleges action under color of state law. Removal based on the face of such a pleading is objectively reasonable.

2. The IJ"s position is not inconsistent with its prior *Rooker-Feldman* arguments. The earlier *Rooker-Feldman* argument addressed different complaints in a different procedural posture. The present removal was based on the current Verified Complaint, which Plaintiff materially revised to allege extra-judicial conduct and injury independent of the state-court judgment.

3. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), confirms that *Rooker-Feldman* is narrow. Plaintiff's own Verified Complaint attempts to avoid the doctrine by alleging injuries caused by extra-judicial conduct and undisclosed conflicts, rather than injuries caused solely by the state-court dismissal of his appeal. The IJA does not concede that those allegations are true, legally sufficient, or even plausible, but it was entitled to treat them as the operative allegations for removal purposes.

4. Judicial estoppel does not support sanctions. The IJA has not taken

3

clearly inconsistent positions, and subject-matter jurisdiction depends on the allegations of the operative complaint and governing statutes, not on estoppel or litigation rhetoric.

5. Plaintiff offers accusation rather than proof of improper purpose. Litigation expense and delay resulting from a disputed but objectively reasonable removal do not establish a Rule 11 violation.

BACKGROUND

Plaintiff previously filed a federal action in this District against Judge Regina A. Scannicchio and the IJA. In that action, the IJA argued that Plaintiff's Complaint and First Amended Complaint were barred by the *Rooker-Feldman* doctrine because the claim, as then pleaded, sought damages premised upon alleged injuries caused by unfavorable state-court orders and appellate rulings. The district court dismissed the prior action. Plaintiff appealed, and the Seventh Circuit affirmed the dismissal.

Plaintiff then filed the present Verified Complaint in the Circuit Court of Cook County. The Verified Complaint again alleges violations of federal constitutional rights. It expressly states that the action is brought "primarily pursuant to 42 U.S.C. § 1983," alleges that the IJA acted under color of state law, and seeks damages and equitable relief for alleged deprivation of Plaintiff's due process and equal protection rights.

The IJA removed the action because the current Verified Complaint

4

asserts federal claims on its face. Plaintiff then filed both a motion to remand and the present Rule 11 motion. The Rule 11 motion repeats the remand theory: that the IJA is supposedly barred from removal because it previously argued *Rooker-Feldman* in the prior federal case. Plaintiff seeks sanctions against IJA, Progar Law Group LLC, and Michael J. Progar.

## LEGAL STANDARD

Rule 11 requires that an attorney or party presenting a filing certify that, after reasonable inquiry, the filing is not presented for an improper purpose and that the legal contentions are warranted by existing law or by a nonfrivolous argument for modifying, extending, or reversing existing law. Fed. R. Civ. P. 11(b)(1), (2).

The Seventh Circuit applies an objective standard. The question is whether the filing was objectively unreasonable when made. *Cuna Mut.*, 443 F.3d at 560; *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1013-14 (7th Cir. 2004). Rule 11 is not intended to spawn satellite litigation or chill vigorous advocacy. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Sanctions are reserved for baseless filings, not losing legal arguments. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993).

The moving party bears the burden of showing a Rule 11 violation. *See*, *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003). Rule 11 motions

should not be used as routine fee-shifting devices or tactical supplements to merits briefing. *See*, M*ars Steel*, 880 F.2d at 932.

Rule 11(c)(4) further provides that any sanction must be limited to what suffices to deter repetition of the conduct or comparable conduct by similarly situated persons. Thus, even where a violation is shown, Rule 11 is not an automatic fee-shifting mechanism.

Plaintiff's motion does not satisfy the threshold requirement of showing an objectively unreasonable filing, and therefore no sanction is warranted.

ARGUMENT

REMOVAL WAS OBJECTIVELY REASONABLE BECAUSE THE
VERIFIED COMPLAINT PLEADS FEDERAL CLAIMS ON ITS FACE

Plaintiff's Rule 11 motion fails at the outset because the IJA's removal had an objectively reasonable legal basis. A defendant may remove a civil action filed in state court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over claims arising under the Constitution and laws of the United States. 28 U.S.C. § 1331. They also have jurisdiction over civil-rights actions seeking redress for deprivations of federal constitutional rights under color of state law. 28 U.S.C. § 1343(a)(3).

Federal-question jurisdiction exists where the federal issue appears on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S.

386, 392 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983). A claim created by federal law, including a § 1983 claim, arises under federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Here, Plaintiff's Verified Complaint expressly invokes 42 U.S.C. § 1983, alleges deprivation of due process and equal protection rights, alleges action under color of state law, and seeks damages and equitable relief for federal constitutional injuries. Those allegations are sufficient to support removal. Indeed, they are the standard basis for federal-question jurisdiction in civil-rights litigation.

As the IJA explained in its response in opposition to Plaintiff's motion to remand, Plaintiff cannot plead a federal civil-rights claim and then characterize removal as frivolous merely because Plaintiff would prefer to litigate the federal claim in state court. Removal was objectively reasonable. Rule 11 sanctions are therefore unavailable.

### THE IJA DID NOT TAKE INCONSISTENT POSITIONS BY REMOVING THE PRESENT VERIFIED COMPLAINT

Plaintiff's sanctions theory depends on the premise that IJA impermissibly "reversed course." That premise is incorrect.

In the prior federal action, the IJA argued that Plaintiff's then-operative complaint was barred by the *Rooker-Feldman* doctrine because Plaintiff's

alleged injury was caused by state-court orders and judgments and because the requested damages would require the federal court to review and reject those judgments. That was a Rule 12(b)(1) argument directed to the prior pleading.

In the present case, the IJA removed because the current Verified Complaint asserts federal claims on its face. That is a removal argument directed to the Verified Complaint now before the Court. The positions are not mutually exclusive. A defendant may remove a complaint that on its face pleads federal claims and then assert that *Rooker-Feldman*, preclusion, immunity, failure to state a claim, or other defenses bar the claim. See *Caterpillar*, 482 U.S. at 392; *Franchise Tax Bd.*, 463 U.S. at 9-10. The fact that a claim may later be dismissed does not make removal sanctionable. *See*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005) (fees for improper removal turn on objective reasonableness); *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007).

Plaintiff's argument would create an untenable rule: that once a defendant has successfully argued that *Rooker-Feldman* bars one federal complaint, the defendant may never remove a later state-court pleading asserting federal claims, even if the later complaint is materially reframed to allege independent extra-judicial conduct. That is not the law.

### ROOKER-FELDMAN IS NARROW AND PLAINTIFF'S OWN PLEADING ATTEMPTS TO AVOID IT

Plaintiff's sanctions motion treats *Rooker-Feldman* as though it permanently bars any federal forum for any later pleading involving related facts. The Supreme Court has rejected that kind of expansion. The doctrine is "confined" to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal action commenced and inviting federal district-court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* is a narrow doctrine. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011).

The Seventh Circuit also distinguishes between injuries caused by state-court judgments and injuries caused by independent conduct. *See, e.g., Mains v. Citibank, N.A.*, 852 F.3d 669, 675-76 (7th Cir. 2017); *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

Plaintiff's present Verified Complaint appears carefully drafted to avoid *Rooker-Feldman*. It alleges extra-judicial conduct, alleges that Plaintiff does not seek to undo any state-court order, and alleges independent constitutional injuries. The IJA does not concede the truth or legal sufficiency of those allegations. But Plaintiff cannot frame his complaint to avoid *Rooker-Feldman* and then seek sanctions because the IJA treated the

9

complaint as a removable federal pleading.

At a minimum, the interplay between the current pleading, the prior dismissal, and the narrow scope of *Rooker-Feldman* presents a legitimate legal issue. Rule 11 does not authorize sanctions merely because a party advances a debatable jurisdictional argument. *Cuna Mut.*, 443 F.3d at 560; *Harlyn Sales*, 9 F.3d at 1270.

### JUDICIAL ESTOPPEL DOES NOT SUPPORT SANCTIONS

Plaintiff also invokes judicial estoppel, but that doctrine does not support Rule 11 sanctions here. Judicial estoppel applies only when a party's later position is clearly inconsistent with its earlier position, the earlier position was accepted by a court, and the party would derive an unfair advantage if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001); I*n re Airadigm Commc'ns, Inc.*, 616 F.3d 642, 661 (7th Cir. 2010); *Grochocinski v. Mayer Brown Rowe & Maw LLP*, 719 F.3d 785, 795 (7th Cir. 2013).

Those elements are not met. The IJA's earlier position was that Plaintiff's prior federal complaint was barred by *Rooker-Feldman*. The IJA's position in this case is that Plaintiff's present Verified Complaint, which expressly pleads § 1983 and federal constitutional violations, is removable. Those positions are not clearly inconsistent. They address different procedural postures, different pleadings, and different legal questions.

Nor can judicial estoppel create or destroy subject-matter jurisdiction.

10

Federal courts have an independent obligation to determine jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); S*teel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Because jurisdiction turns on the operative pleading and governing statutes, not on rhetorical characterizations from prior proceedings, Plaintiff's judicial-estoppel theory cannot transform an objectively reasonable removal into a Rule 11 violation.

### PLAINTIFF HAS NOT SHOWN IMPROPER PURPOSE OR ENTITLEMENT TO FEES

Plaintiff's Rule 11 motion substantially duplicates his motion to remand and request for fees under 28 U.S.C. § 1447(c). Rule 11 is not designed to multiply satellite litigation or to provide a second fee petition for the same alleged wrong. Fee awards for improper removal under § 1447(c) turn on whether the removing party lacked an objectively reasonable basis for removal. *Martin*, 546 U.S. at 141; *Lott*, 492 F.3d at 793; *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019). If removal was objectively reasonable, fees under § 1447(c) are improper, and Rule 11 sanctions are even less appropriate.

Plaintiff also accuses the IJA and counsel of removing the case to delay, increase costs, and avoid state-court discovery. Accusation is not proof. Rule 11 requires an objective showing that the filing was interposed for an improper purpose. Fed. R. Civ. P. 11(b)(1); *Corley*, 388 F.3d at 1014. Courts

11

are reluctant to infer improper purpose merely from the fact that a filing inconvenienced the opposing party. *See*, *Harlyn Sales*, 9 F.3d at 1270.

The notice of removal was based on the face of Plaintiff's own Verified Complaint. Plaintiff's attacks on the IJA, its counsel, or nonparty judicial officers do not establish sanctionable conduct by the IJA or its counsel. The relevant question is whether the notice of removal was objectively unreasonable when filed. It was not.

No evidentiary hearing or fee award is warranted. If the Court were inclined to consider sanctions further, due process would require notice and an opportunity to respond to the specific conduct alleged to be sanctionable. *See*, *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1494-95 (7th Cir. 1989); *Johnson v. Cherry*, 422 F.3d 540, 551-52 (7th Cir. 2005).

Plaintiff's motion identifies no frivolous factual assertion and no objectively unreasonable legal contention. It identifies only a jurisdictional disagreement already addressed in Plaintiff's motion to remand and the IJA's response.

## CONCLUSION

Plaintiff's Rule 11 motion should be denied. The IJA removed a complaint that expressly pleads federal constitutional claims under 42 U.S.C. § 1983. Removal was objectively reasonable under 28 U.S.C. §§ 1331, 1343, 1441, and 1446. The IJA's removal position is not inconsistent with its prior

12

*Rooker-Feldman* arguments, and Plaintiff's disagreement with that position does not establish frivolousness, bad faith, improper purpose, or sanctionable conduct.

For these reasons, Defendant Illinois Judges Association, Progar Law Group LLC, and Michael J. Progar, respectfully request that the Court deny Plaintiff's Rule 11 Motion for Sanctions in its entirety and grant such further relief as the Court deems just and proper.

Respectfully submitted,

PROGAR LAW GROUP LLC
Attorneys for Defendant,
Illinois Judges Association

*s/ Michael J. Progar*
One of Its Attorneys

Michael J. Progar (IL ARDC No. 6181280)
PROGAR LAW GROUP LLC
Attorneys for Defendant,
Illinois Judges Association
200 W. Adams Street, Suite 2220
Chicago, IL 60606-5231
(312) 630-9630
*mjp@progarlaw.com*